IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:12-CT-3179-FL

| | |
|---|---|
| MYRON RODERICK NUNN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) ORDER |
| | ) |
| MICHAEL A. HARDEE; RICKY MATTHEWS; MILTON D. WESTBERG; GAIL MORETZ; NURSE LEWIS; NURSE MCCULLOR; MRS. HARVEY; LIEUTENANT MOORE; SERGEANT CAHOON; OFFICER GIBBS; AND OFFICER ABBOTT, | ) |
| | ) |
| Defendant. | ) |

The matter is before the court on plaintiff's response to this court's April 19, 2013, order directing him to state whether he exhausted his administrative remedies pursuant to 42 U.S.C. § 1997e(a). Also before the court are plaintiff's motion to "misjoin parties" (DE 22) and motions for leave to file an amended complaint (DEs 23, 24, 25). The issues raised are ripe for adjudication.

## BACKGROUND

Plaintiff filed this action pursuant to 42 U.S.C. § 1983 on September 10, 2012. On March 20, 2013, the court entered an order noting that plaintiff's complaint suggested that he failed to exhaust his administrative remedies pursuant to 42 U.S.C. § 1997e(a) prior to filing this action. Accordingly, the court allowed plaintiff fourteen (14) days to inform it whether he exhausted his administrative remedies for his claims prior to filing this action.

Plaintiff subsequently responded to the court's order and stated that he exhausted his administrative remedies for his claims, but did not provide any documentary evidence to support his assertion. Accordingly, the court directed plaintiff to provide documentary evidence to support a finding that he exhausted his administrative remedies for the claims he asserted in this action. Plaintiff responded to the court's second order on April 26, 2013. Plaintiff subsequently filed a motion to "misjoin parties" and three motions for leave to file an amended complaint.

**COURT'S DISCUSSION**

A.  Motions to Amend

Plaintiff's first amended complaint is ALLOWED as a matter of course. See Fed. R. Civ. P. 15(a). As for plaintiff's second motion to amend, the court finds it appropriate to also ALLOW this motion. Id. The court will conduct frivolity review of the amended pleadings as set forth in section C., below.

The court now addresses plaintiff's third motion to amend his complaint. "In the absence of any apparent or declared reason--such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.--the leave sought should, as the rules require, be 'freely given.'" Foman v. Davis, 371 U.S. 178, 182 (1962) Plaintiff's third amended complaint seeks to include a claim pursuant to the Due Process Clause of the Fourteenth Amendment to the United States Constitution arising out of a disciplinary conviction he incurred in December 2008. Plaintiff, however, fails to state a due process claim because he did not lose any good-time credit for his December 2008 disciplinary conviction. See Wolff v. McDonnell, 418 U.S. 539, 566 (1974). Additionally, even if plaintiff

2

could proceed with this claim, it would be subject to severance. See Fed. R. Civ. P. 18(a), 20(a)(2). Based upon the foregoing, the court DENIES plaintiff's third motion to amend as futile, and the claim is DISMISSED without prejudice.[1]

B.    Plaintiff's Motion to "MisJoin [sic] Parties" and Request for Voluntary Dismissal

Plaintiff filed a motion to "misjoin parties" in which he seeks to voluntarily dismiss defendants Michael A. Hardee, Milton D. Westberg, Gail Moretz, Nurse Lewis, Nurse McCullor, Mrs. Harvey, Lieutenant Moore, Sergeant Cahoon, Officer Gibbs, and Officer Abbott from this action. Additionally, plaintiff, in his second amended complaint, seeks to dismiss all of his claims against all parties with the exception of plaintiff's First and Fourteenth Amendment claims alleging that Ricky Matthews ("Matthews") "prevent[ed] him from engaging in discovery in case No. 5:10-CT-3211-FL, and [] illegally impos[ed] [] the false [disciplinary] charge of bribery when the plaintiff offered him a private settlement or a consent decree." DE 24, p. 1.

An action may be dismissed voluntarily by plaintiff without order of the court by filing a notice of dismissal at any time before service by the adverse party of an answer or a motion for summary judgment. See Fed. R. Civ. P. 41(a)(1). Otherwise an action shall not be dismissed on the plaintiff's request except upon an order of the court. See Fed. R. Civ. P. 41(a)(2). At this point, defendants have not filed any responsive pleadings. Accordingly, plaintiff's motion to voluntary dismiss his action against the above-stated defendants pursuant to Rule 41(a)(1) is GRANTED.

---

[1]The court additionally notes that this claim also likely would be time-barred. See Brooks v. City of Winston-Salem, 85 F.3d 178, 181 (4th Cir. 1996) ("[T]he three-year statute of limitations set forth in N.C. Gen. Stat. § 1-52(5)" applies to § 1983 actions).

3

C. Frivolity Review

The court now conducts a frivolity review of plaintiff's amended pleadings. See 28 U.S.C. § 1915(e)(2)(B). A complaint may be found frivolous because of either legal or factual deficiencies. First, a complaint is frivolous where "it lacks an arguable basis . . . in law." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Legally frivolous claims are based on an "indisputably meritless legal theory" and include "claims of infringement of a legal interest which clearly does not exist." Adams v. Rice, 40 F.3d 72, 74 (4th Cir. 1994) (quoting Neitzke, 490 U.S. at 327). Under this standard, complaints may be dismissed for failure to state a claim cognizable in law, although frivolity is a more lenient standard than that for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Neitzke, 490 U.S. at 328. Second, a complaint may be frivolous where it "lacks an arguable basis . . . in fact." Id. at 325. Section 1915 permits federal courts "to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." See Denton v. Hernandez, 504 U.S. 25, 32 (1992) (citing Neitzke, 490 U.S. at 327).

The court begins with plaintiff's claim that Matthews prevented him from engaging in discovery. The court construes this claim as an access to courts claim pursuant to the First Amendment to the United States Constitution. In order to state a claim for denial of access to the courts, the inmate must show actual injury or that a defendant's conduct hindered his efforts to pursue a legal claim. See, e.g., Lewis v. Casey, 518 U.S. 343, 351–52 (1996); Michau v. Charleston County, 434 F.3d 725, 728 (4th Cir. 2006). The Supreme Court held in Lewis that inmates must be provided "a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts." Lewis, 518 U.S. at 351 (quotation omitted). The right to access the courts extends to direct criminal appeals, habeas corpus proceedings, and civil rights actions challenging conditions of confinement. Id. at 354-55. The actual injury requirement mandates that

an inmate "demonstrate that a nonfrivolous legal claim had been frustrated or impeded." Id. at 353. The Court did not extend the holding to include the right to "litigate effectively once in court." Id. at 354 (disclaiming language in Bounds v. Smith, 430 U.S. 817, 825 (1977), suggesting otherwise).

In this case, plaintiff complains about Matthews' conduct in an ongoing proceeding, Nunn v. Keller, No. 5:10-CT-3211-FL (E.D.N.C.). Accordingly, plaintiff has the opportunity to address his discovery-related issues in that action. Moreover, plaintiff's allegations against Matthews express frustration with the effectiveness of his litigation in Nunn v. Keller, No. 5:10-CT-3211-FL (E.D.N.C.). However, the constitution does not guarantee the ability to litigate effectively. See Lewis, 518 U.S. at 356 ("In other words, Bounds does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims. The tools it requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any *other* litigating capacity is simply one of the incidental (and perfectly constitutional) consequence of conviction and incarceration."); see Moore v. Beck, No. 5:11-CT-3093-BO, 2013 WL 460321, at *2 (E.D.N.C. Feb. 6, 2013), aff'd, No. 13-6236, 2013 WL 2938623 (4th Cir. June 17, 2013). Based upon the foregoing, the court finds that plaintiff has not alleged any actual injury, and thus fails to state a claim for denial of access to the courts. Accordingly, this claim is DISMISSED without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

Turning to plaintiff's claim arising out of his bribery disciplinary conviction, plaintiff requests that this conviction be expunged. In order to recover damages for an allegedly unconstitutional conviction, or for harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a plaintiff, proceeding pursuant to § 1983, must prove that the

5

conviction or sentence at issue has been reversed on direct appeal, expunged by executive order, declared invalid by state tribunal authorized to make such determinations, or called into question by a Federal Court's issuance fo a writ of habeas corpus. Heck v. Humphrey, 512 U.S. 477, 486-487 (1994). Here, plaintiff does not allege that his disciplinary conviction has been invalidated, but rather, seeks expungement of the conviction. Thus, he is unable to meet Heck's requirements, and this claim is DISMISSED without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

To the extent plaintiff alleges a due process claim pursuant to the Fourteenth Amendment to the United States Constitution arising out of the disciplinary proceedings for his bribery conviction, this claim too fails. Plaintiff specifically states in his amended complaint that "no good time credits were taken, and if [he] is successful in this action it will not effect the length of his confinement or its duration." (DE 24, p. 2.) Plaintiff further has not alleged that his disciplinary conviction resulted in an increased sentence or conditions of confinement that were atypical and/or a significant hardship in relation to ordinary prison life. Accordingly, the due process procedural protections set forth in Wolff v. McDonnell, 418 U.S. 539 (1974), were not required. See, e.g., Wolff, 418 U.S. at 556-57, 563-66; see also, Sandin v. Conner, 515 U.S. 472, 484 (1995) ("[L]iberty interests which are protected by the Due Process Clause . . . will be generally limited to freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.").

To the extent plaintiff's bribery disciplinary conviction resulted in his placement in segregation, his placement in segregation is not an atypical and significant hardship in comparison to ordinary incidents of prison life and does not constitute a due process violation. See Sandin, 515 U.S. at 486 (finding that "discipline in segregated confinement did not present the type of atypical,

6

significant deprivation in which a State might conceivably create a liberty interest.") Thus, plaintiff failed to state a claim upon which relief may be granted, and the claim asserted is DISMISSED without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

Finally, plaintiff alleges a constitutional violation arising out of his administrative appeal of his bribery disciplinary conviction. However, the Fourteenth Amendment to the United States Constitution does not provide plaintiff with a constitutional right to administratively appeal a disciplinary conviction. See Riccio v. Cnty. of Fairfax, 907 F.2d 1459, 1469 (4th Cir. 1990). Rather, "[i]f a state law grants more procedural rights than the Constitution would otherwise require, a state's failure to abide by that law is not a federal due process issue." Id. Thus, plaintiff has failed to state a claim upon which relief may be granted, and the claim asserted is DISMISSED without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).[2]

---

[2] Alternatively, the court notes that plaintiff failed to comply with its April 19, 2013, order directing plaintiff to provide documentary evidence showing that he exhausted his administrative remedies pursuant to 42 U.S.C. § 1997e(a). Plaintiff, however, contends that he was not required to exhaust his administrative remedies for his claim against Matthews arising out of his bribery disciplinary conviction. Specifically, plaintiff states that his appeal of the disciplinary proceeding was sufficient to satisfy § 1997e(a)'s exhaustion requirement. However, an administrative law review of inmate disciplinary convictions is not an "administrative remedy" for the purposes of § 1997e(a)'s exhaustion requirement. Greene v. Stonebreaker, No. 9:06-3392-PMD, 2007 WL 2288123, at *5 (D.S.C. Aug. 6, 2007); Carter v. Ozmint, No. 3:06-1189-TLW-JRM, 2007 WL 1486140, at * 3 (D.S.C. May 17, 2007). Nor does plaintiff's grievance dated June 30, 2013, satisfy § 1997e(a)'s exhaustion requirement. See (DE 29); Hayes v. Stanley, No. 06-6475, 2006 WL 3147498, at * 1, n.1 (4th Cir. Oct. 31, 2006) (finding that an inmate does not comply with the PLRA's exhaustion requirement by exhausting his remedies during the course of litigation). Accordingly, plaintiff has not properly exhausted his administrative remedies for this claim.

**CONCLUSION**

Based upon the foregoing, plaintiff's third motion to amend (DE 25) is DENIED as futile, but his remaining motions to amend (DE 23, 24) are GRANTED. Plaintiff's motion to "misjoin parties" (DE 22) and requests for voluntary dismissal are GRANTED, and all of plaintiff's claims are DISMISSED without prejudice, with the exception of his claim against Matthews for "preventing him from engaging in discovery in case No. 5:10-CT-3211-FL, and for the illegal imposition of the false [disciplinary] charge of bribery when the plaintiff offered him a private settlement or a consent decree," which are DISMISSED without prejudice pursuant to 28 U.S.C. § 1915(e)(B)(ii). The Clerk of Court is DIRECTED to close this case.

SO ORDERED, this the 9th day of July, 2013.

_____
LOUISE W. FLANAGAN
United States District Judge