IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:12-CT-3179-FL

| | |
|---|---|
| MYRON RODERICK NUNN, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MICHAEL A. HARDEE, RICKY )<br>MATTHEWS, MILTON D. )<br>WESTBERG, GAIL MORETZ, NURSE )<br>LEWIS, NURSE MCCULLOR, MRS. )<br>HARVEY, LIEUTENANT MOORE, )<br>SERGEANT CAHOON, OFFICER )<br>GIBBS, OFFICER ABBOTT, and )<br>COLBERT L. RESPESS, )<br>)<br>Defendants. ) | ORDER |

Plaintiff filed this civil rights action *pro se* pursuant to 42 U.S.C. § 1983. On April 21, 2014, the court granted plaintiff's April 18, 2014, motion for voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1), and dismissed this action without prejudice. Plaintiff subsequently filed a motion for entry of default (DE 69) and motion captioned "motion for leave to revive a complaint and a 2254 petition" (DE 70). The issues raised are ripe for adjudication.

The court begins with plaintiff's request to withdraw his voluntary dismissal of this action. A plaintiff may not attempt to withdraw his voluntary dismissal subsequent to its filing, because a voluntary dismissal pursuant to Rule 41(a)(1) is self-executing and no judicial approval is required. See Jones, Blechman, Woltz & Kelly, PC v. Babakaeva, 375 F. App'x 349, at *1 (4th Cir. Apr. 21, 2010) ("[T]he voluntary dismissal became effective upon filing of the notice with the clerk of the

district court. At that point, the action terminated, and the district court was divested of jurisdiction.") (citations omitted); see also Shlikas v. Wake Forest Univ., No. 1:97CV01188, 1999 WL 1939241, *2 (M.D.N.C. May 26, 1999) ("Plaintiff cannot attempt to withdraw his voluntary dismissal, since the dismissal was effective upon filing.") Accordingly, plaintiff's motion to withdraw his voluntary dismissal and to re-instate his action is DENIED. Instead, to pursue this action, plaintiff may re-file his complaint as a separate action.

The court now turns to plaintiff's request to re-instate a petition for a writ of habeas corpus he filed pursuant to 28 U.S.C. § 2254, in Nunn v. Hardee, No. 13-HC-2073-BO (E.D.N.C. Apr. 29, 2014), which Judge Terrence W. Boyle dismissed without prejudice pursuant to Rule 41(a)(1) on April 29, 2014. To the extent plaintiff seeks relief from the judgment entered in Nunn v. Hardee, No. 13-HC-2073-BO (E.D.N.C. Apr. 29, 2014), he must seek relief in that action. Accordingly, plaintiff's motion to re-instate his § 2254 action is DENIED without prejudice.

In summary, plaintiff's motion to re-instate this action (DE 70) is DENIED and plaintiff's motion to re-instate his § 2254 petition is DENIED without prejudice. Because plaintiff's action remains closed, his motion for entry of default (DE 69) is DENIED as MOOT. The Clerk of Court is DIRECTED to send plaintiff the civil rights package.

SO ORDERED, this the 6th day of June, 2014.

_____
LOUISE W. FLANAGAN
United States District Judge